IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUCIOUS MASON                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.: 3:19-cv-00066-TSL-RHW

THE CITY OF MACON
AND BUZZ MCGUIRE
IN HIS OFFICIAL AND/OR
INDIVIDUAL CAPACITY
AND JOHN AND JANE DOES 1-5                                      DEFENDANTS

## FIRST AMENDED COMPLAINT
### (A JURY TRIAL IS DEMANDED)

Plaintiff, LUCIOUS MASON, comes before the Honorable Court in the above-styled case and files this, his Complaint, and in support thereof respectfully shows to the Honorable Court, the following: For the purposes of this Complaint, the term "Defendant" or "Defendants" (whether in the singular or plural) shall refer to Defendants named or to be named collectively, together, and individually.  "Complaint" shall refer to this First Amended Complaint.

Plaintiff currently brings this Complaint to allege claims and causes of action arising under Federal Law and State Law.  This is to allege Plaintiff is entitled to all recoverable costs, amounts, damages against all Defendants provided for by 42 U.S.C. § 1981, 1983, 1981a, the Fourteenth Amendment to the U.S. Constitution, The First Amendment to the U.S. Constitution, under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et seq. as amended, under the Mississippi Tort Claims Act, otherwise available under Mississippi State Law, as well as otherwise recoverable under all laws referred to or implicated by this Complaint whether or not specifically stated.  Plaintiff claims he is entitled to have a jury trial for all claims for which the law provides a jury trial and otherwise claims for whatever relief the Honorable Court may provide.

1

**PARTIES**

1.    Plaintiff LUCIOUS MASON is a citizen and resident of Macon, Mississippi residing during the time of the actionable conduct at 671 East Mason Drive, Macon, Mississippi 39341

2.    Defendant City of Macon is reasonably believed to be able to be found, and may be served within this judicial district care of The Mayor of the City of Macon, Bob (Robert) Boykin, 105 West Pulaski St., Macon, MS 39341.

3.    Defendant Buzz McGuire is reasonably believed to be found and may be served at 505 Hale St., Macon, MS 39341. He was an alderman at relevant times for the City of Macon responsible in his official capacity for all claims arising in all Counts, except that Plaintiff claims in the alternative and in addition, he was liable for Tortious Interference with Employment pursuant to Count XIII and Civil Conspiracy in Count XIV in his individual capacity regardless.  That is, Plaintiff contends and maintains that Defendant McGuire acted under circumstances that fully render the City liable.  Notwithstanding, he is liable in the alternative and in addition for tortious interference and as part of his participation in civil conspiracy regardless, to the extent it may be argued or determined that he acted solely in an individual capacity.   Plaintiff does not allege McGuire should be held liable in an individual capacity as an additional or alternative theory except as provided for in Count XIII and Count XIV.  He is liable in an official capacity regardless according to all Counts.

4.    John and Jane Does 1-5 are the proper persons or entities responsible for the actionable conduct, or who may be held responsible only to the extent Plaintiff later elects to include them.  They are therefore also the proper parties and/or proper party names of persons or entities associated with the actionable conduct only to the extent Plaintiff later elects to proceed against them.  This shall therefore serve as Plaintiff's Motion to Amend to include additional parties and/or

proper parties, and/or proper party names, to the extent Plaintiff agrees they should be added or substituted, and only to that extent.

5.      All Counts, claims, sentences, allegations, paragraphs, requests for damages, and causes of action are alleged in addition to each other and in the alternative, such that the ultimate deconstructive discharge of recovery pursuant to any one Count, claim, allegation, paragraph, request for damages, or cause of action shall not affect the remaining. "Actionable conduct" shall refer and relate to all acts and omissions on the part of Defendants which Plaintiffs allege directly and proximately resulted in losses and damages to Plaintiffs.

## JURISDICTION AND VENUE

6.      This Court has personal and subject matter jurisdiction over the parties as the matter was removed to Federal Court due to one or more Federal Questions following proper filing in the Circuit Court of Noxubee County where jurisdiction and venue were proper under Mississippi Law prior to removal.

7.      Plaintiff has satisfied administrative conditions prior to the commencement of this action as to Title VII claims by filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.  Plaintiff was issued a Right to Sue letter dated September 24, 2018.  The Right to Sue and Charge are collectively attached hereto as ***Exhibit "A"***.   Further, Plaintiff has exhausted the applicable pre-suit notice requirements under the Mississippi Tort Claims Act.  Some documentation of the same is attached as ***Exhibit "B"*** though Plaintiff reserves the right to set forth additional evidence of his compliance.  This is timely filed within the period allowed under Miss. Code Ann. § 11-46-11.

## FACTS

8.      Plaintiff was employed by the City of Macon since on or about October 17th, 1992. During the time of Plaintiff's work, he advanced to the position of Chief of Police.

9.      During the time of Plaintiff's employment, Plaintiff was in whole or in part subject to authority exercised by the Board of Aldermen consisting of various persons over the years. Plaintiff also had interactions with the Mayor when considering Plaintiff performed a broad range of duties associated with community policing on behalf of the Municipality.

10.     The Aldermen with whom Plaintiff interacted recently included Ernest Harmon, Willie Dixon, Defendant Buzz McGuire, Tommy Campbell, and Pat Hopkins.  Plaintiff worked under Mayor Bob (Robert) Boykin.   When considering Plaintiff was Chief of Police, he was under the same supervisory structure and under certain substantially similar requirements as Caucasian Fire Chief, Dave Estes, (and potentially others) at certain relevant times near the time of his termination from Chief of Police.   Plaintiff was similarly situated to Dave Estes, though his claims of disparate treatment referred to below exist regardless.   Mr. Estes is reasonably believed not to have been subject to the actionable conduct referred to below which are the subject of Plaintiff's claims.

11.     Plaintiff otherwise incorporates names of Aldermen known to the city.  They acted for the City at relevant times.

12.     The actionable conduct giving rise to Plaintiff's claims are reasonably believed to have begun several years ago, and to have continued as part of an ongoing pattern and/or practice, and/or continuing violations for which the City of Macon is responsible.

13.     The actionable conduct was part of a pattern and/or practice and/or custom that became part of the City's functioning and became widespread over time.

14.     It is reasonably believed that approximately ten years ago (while reserving the right to determine the exact time frame) theft and/or other misconduct was reported to the State Auditor's Office. Mr. Dixon is reasonably believed by Plaintiff to have been a suspect.  It is reasonably believed that money was taken from the City Clerk's Office.  Plaintiff reserves the right to provide

additional details regarding the above, but the above is provided as part of background information only, while reserving the right to explain or provide additional details in discovery.

15.      Mr. Dixon is reasonably believed by Plaintiff to have engaged in illegal conduct continuing in various forms up to and including late 2017 and through early 2018. This conduct is reasonably believed to have been part of an ongoing pattern and/or practice and/or continuing violation(s) going back as far as 2012 or thereabout.

16.      In the alternative and in addition to the allegations in the prior paragraph, the illegal conduct referred to in this Complaint certainly occurred and/or continued through late 2017 and 2018.

17.      On or about late 2017, Plaintiff witnessed Alderman Dixon engaging in criminally illegal conduct wherein he used State inmates for various illegal purposes including, but potentially not limited to, using inmates to work on his cars and/or cars of his family members, a storage shed, and using them to cut his grass.  Plaintiff also witnessed Alderman Dixon using illegally for the benefit of another person as well whom he was associated with.

18.      The illegal conduct also included but was potentially not limited to, using the City of Macon's name to obtain various car parts to be used on Mr. Dixon's car and/or those of his family members.

19.      Car parts or other items are reasonably believed to have been charged to the City of Macon yet used for personal, corrupt purposes.

20.      The Alderman responsible for the City and therefore the City are reasonably believed to have had actual or constructive knowledge of all illegal conduct referred to in this Complaint insofar as they reasonably knew of it and should have known of it.

21.      Further, Plaintiff also complained about conduct which he reasonably believed was a discriminatory term and/or condition of employment to him as an African-American Chief of

Police as well as criminally illegal. That is, there were discriminatory terms and conditions imposed upon Plaintiff that he enforce the law in an illegal, discriminatory manner. To provide some examples, while reserving the right to provide others, Plaintiff complained about Defendant McGuire stating that he would fence off or gate off the west end of the street where "they" traveled through his community reasonably believed by Plaintiff to refer to African-Americans. Defendant McGuire is a white male.

22.     Further, Plaintiff complained about Defendant McGuire telling Plaintiff to fabricate charges against certain African-Americans. McGuire took issue about a black family moving into his community and claimed they were responsible for legal violations. Defendant McGuire essentially required Plaintiff to participate in illegal conduct.

23.     In addition, Plaintiff complained about Defendant McGuire directing him to write up certain black citizens and not certain white citizens as well as requiring him to enforce certain laws on certain people of the African-American race while not doing so against others. Plaintiff complained about Defendant McGuire to Mayor Boykin and to other board members.

24.     In the alternative and in addition to the above, Defendant McGuire engaged in conduct reasonably believed to be discriminatory. In the alternative and in addition, it was otherwise illegal and/or improper so as to support the causes of action referred to below. To provide one example while reserving the right to provide others, Defendant McGuire complained about alleged traffic violations in one or more predominantly African-American areas and demanded Plaintiff enforce the law against them, yet on one or more occasions asked Plaintiff to illegally and/or improperly assure that white citizens were not held responsible for various violations. Plaintiff reasonably believed the conduct to be discriminatory, though his claims exist regardless when considering he recognized this conduct to be illegal and/or improper regardless and therefore complained about it.

25.     In the alternative and in addition, Defendant McGuire complained at board meetings that Plaintiff was essentially not performing his duties related to one or more areas of the city predominantly frequented by African-Americans including but potentially not limited to that around Jefferson Street, though Plaintiff's claims exist regardless.  Specifically, Alderman McGuire would complain at board meetings that the citizens there "got to be doing something wrong".  This and similar statements occurred under circumstances where there was inadequate basis to assume that there might be a legal violation and when clearly targeting the citizens in a bias manner clearly assumed and/or suggested that the law should be enforced improperly.  Regardless of whether Defendants agree the directions were racially motivated, they were an illegal and/or improper directive.  Plaintiff complained about Defendant McGuire's conduct referred to above which was illegal and otherwise of the kind and character to support the claims below.

26.     In the alternative and in addition, to provide another example, Defendant McGuire directed Plaintiff to write tickets for people backing into parking spaces but expressed open animosity and frustration towards Plaintiff when Plaintiff sought to write one or more white citizens a ticket.  Plaintiff in fact complained about this conduct to the Mayor and to various board members.

27.     After Plaintiff complained at board meetings, Defendant McGuire and one or more other board members would often attempt to confront Plaintiff and express open disfavor for him as a result of his complaints.  It is reasonably believed that board members spoke at other board meetings and that one or more locations including but not limited to Defendant McGuire's store at which meeting was contrary to law.  It is reasonably believed that the Aldermen discussed adverse action against Plaintiff.

28.     In addition, Defendant McGuire expressed open animosity towards Plaintiff when Plaintiff complained about the conduct, including but not limited to complaining that he felt

McGuire's conduct was racially motivated. Plaintiff essentially stated that he could not make up reasons to arrest people in the predominantly African-American area referred to. Defendant McGuire disregarded Plaintiff when Plaintiff complained.

29.    In the alternative and in addition, Defendant McGuire engaged in a pattern of harassing Plaintiff, interfering with his work at times when Defendant McGuire was not permitted to speak with Plaintiff outside the presence of other board members. Plaintiff was called regularly, and pressured by one or more board members not to tell citizens about Defendant McGuire's complaints about the African-American citizens.

30.    Defendant McGuire otherwise engaged in a pattern and practice of retaliatory harassment against Plaintiff prior to Plaintiff's discharge, as a result of Plaintiff's complaints, following Plaintiff's complaints and otherwise harassed Plaintiff regardless.

31.    It is reasonably believed that Defendant McGuire substantially acted so as to interfere with Plaintiff's employment in bad faith and/or without right and/or without adequate cause and was a significant motivating force behind the decision and/or actions resulting in terminating Plaintiff.

32.    Plaintiff witnessed the ongoing illegal activity mentioned above in this Complaint, complained about it, and expressed opposition to it to both the Mayor and Aldermen depending on the occasion and the conduct involved in particular instances. The Aldermen, including but not limited to Alderman Dixon reasonably indicated they were aware of Plaintiff's complaints.

33.    As stated, Plaintiff informed the Mayor of the City of Macon about certain illegal conduct Plaintiff reasonably believed to have witnessed involving misuse of funds. Plaintiff was told not to turn it in to the State Auditor's Office on several dates including but not limited to late 2017 and early 2018.

34.     On or about January 2018, Plaintiff exercised his right as a citizen to complain about certain above-mentioned matters which were of significant public importance.   The misuse of funds and misuse of public resources were matters of public significance.  Plaintiff therefore complained to the Attorney General's Office for the State of Mississippi.

35.     Plaintiff was told by the Attorney General's Office that he needed to let the Mayor and the Board of Aldermen know about the conduct.  In addition to informing the Mayor, Plaintiff told the board members and informed them he had exercised his right as a citizen to go to the Attorney General's office.

36.     Plaintiff otherwise exercised his First Amendment Rights when complaining about all the matters he complained about and when doing so to the various persons and entities he complained to.

37.     Thereafter, Plaintiff was confronted by various Aldermen including Defendant McGuire, Mr. Hopkins, Mr. Harmon, Mr. Campbell, and Mr. Dixon.  Plaintiff had also previously made the conduct known to various Aldermen at other times as well. (It is reasonably believed the Mayor and/or Alderman knew and/or should have known about Plaintiff's complaints before he went to the Attorney General's office because Plaintiff complained previously as well).

38.     Following Plaintiff's complaints, Plaintiff was told by certain Aldermen referred to above that they were aware Plaintiff was complaining about Mr. Dixon, and reasonably indicated that Mr. Dixon did not favor Plaintiff's complaints.

39.     Further, following Plaintiff's multiple complaints, Alderman Dixon engaged in a pattern of harassment against Plaintiff as a result of his complaints.  That harassment included but was not limited to using demeaning, derogatory, and profane language towards Plaintiff in an aggressive, hostile manner, as well as harassing Plaintiff by undermining those under Plaintiff's

authority as Chief of Police. Mr. Dixon expressed open, ongoing disfavor and opposition towards Plaintiff and his complaints when all factors are considered as a whole.

40.    Mr. Dixon in fact threatened to terminate Plaintiff, and told Plaintiff that he needed to stop complaining.

41.    The conduct against Plaintiff escalated in intensity constituting a severe or pervasive hostile work environment as a result of his Complaints.

42.    It is reasonably believed that following Plaintiffs Complaints, three Alderman met illegally at Alderman McGuire's business whereafter Plaintiff was terminated. It is reasonably believed that Plaintiff's termination occurred by decision of the Board of Alderman acting together for the City of Macon.

43.    Following Plaintiff's complaints referred to above in this Complaint, and as a result, on or about February 13th, 2018 he was terminated from his position as Chief of Police. Plaintiff's authority was terminated. Plaintiff's capacity to act in service to the public, and to the City, was taken.

44.    Following the events in the prior paragraph, Plaintiff was thereafter offered a job as a Patrol Officer which was demeaning to Plaintiff who had worked for 26 years to advance to Chief of Police without formal write up. Plaintiff was told he could only return to the very bottom level of community policing. Plaintiff could not return to the hostile work environment which separated him from an important position of responsibility wherein he served the community well.

45.    The discrimination against Plaintiff, and harassment against Plaintiff as a result of his complaints to the Attorney General's office (and as a result of other complaints referred to above) resulted in termination from an important position of responsibility. Plaintiff could not reasonably further accept the hostile work environment, which had resulted in his termination from the Chief of Police job by going back to work at the City in its environment, so he did not. Plaintiff maintains

that he was discharged as Chief of Police constituting an adverse action against him, along with offering him a job as a Patrol Officer on the lowest level of law enforcement, which was also an adverse action. Plaintiff was subject to adverse actions in the form of an increasingly hostile work environment prior to his termination from the Chief of Police job and could not be further subject to it.

46.    Plaintiff maintains that he was already discharged by the time the Patrol Officer job was offered and therefore is entitled to recovery of lost wages and all other damages sought. He maintains that he should not be required to prove he meets the standard of constructive discharge when considering he was discharged among all other relevant facts.

47.    In the alternative and in addition, while maintaining the position in the paragraph above, to the extent it is determined that he is ever held to the standard of showing constructive discharge as well, he maintains that the environment was so intolerable that a reasonable person would not have returned to be subject to the hostile work environment. That remains true when considering the hostile work environment resulted in his termination and Plaintiff also could not, in good conscience, return to an environment containing such illegal conduct.

48.    In the alternative and in addition, Plaintiff had to decline further work as a Patrol Officer because the environment prior to his termination from Chief of Police and resulting in it was so intolerable that a reasonable person would have felt compelled to no longer agree to be subject to it, when considering all factors including but not limited to the unjust termination from Chief of Police. That is, Plaintiff had been previously discharged as Chief of Police unjustly, in retaliation, and as part of the hostile work environment which he therefore could no longer be subject to.

## COUNT I:
## CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981 THROUGH § 1983, AND SEPARATELY THE FOURTEENTH AMENDMENT THROUGH § 1983) FOR RACIALLY DISCRIMINATORY TERMINATION FROM CHIEF OF POLICE JOB

49.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under Federal Law. This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

50.    Defendants are alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 *et seq.* as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

51.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted to discriminate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law.

52.    In the alternative and in addition, Defendants are alleged to have violated the Fourteenth Amendment to the United States Constitution made actionable through 42 U.S.C. § 1983 when they acted to discriminate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law.

53.    In carrying out the violations actionable through 42 U.S.C. § 1983 referred to above, Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s). In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations. Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs

rights under The United States Constitution and/or 42 U.S.C § 1981 when Defendant treated Plaintiff unequally because of his race.   Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, <u>in the alternative to and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless. (Plaintiff's Title VII claims are in the alternative and in addition to his other claims).</u>

54.    Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment, and Defendants acted unreasonably.

55.    In the alternative and in addition, Plaintiff was treated differently than one or more similarly situated non-African-American Chief(s) of Department(s) who were not terminated and/or not subject to the actionable conduct.

56.    In the alternative and in addition, regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless when he was terminated.

57.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

58.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT II:
## CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981 THROUGH 1983, AND SEPARATELY THE FOURTEENTH AMENDMENT THROUGH § 1983) FOR RACIALLY DISCRIMINATORY TERMS AND/OR CONDITIONS OF EMPLOYMENT PRIOR TO TERMINATION FROM CHIEF OF POLICE JOB

59.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under Federal Law.  This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

60.    Defendants are alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 *et seq.* as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

61.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted to discriminate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law.

62.    In the alternative and in addition, Defendants are alleged to have violated the Fourteenth Amendment to the United States Constitution made actionable through 42 U.S.C. § 1983 when they acted to discriminate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law.

63.    In carrying out the violations actionable through 42 U.S.C. § 1983 referred to above, Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.  Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs

14

rights under The United States Constitution and/or 42 U.S.C § 1981 when Defendant treated Plaintiff and potentially others unequally because of their race. Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, <u>in the alternative to and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless. (Plaintiff's Title VII claims are in the alternative and in addition to his other claims).</u>

64.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment when considering treatment of Plaintiff as compared to one or more similarly situated employees.

65.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment when considering he was required to work in an environment imposing discriminatory terms and conditions. It involved Plaintiff being directed to mistreat one more African-American members of the community and otherwise directed to engage in discriminatory conduct. It was discriminatory to require Plaintiff to work in an environment involving discriminatory terms and conditions. Plaintiff was subject to discriminatory terms and conditions of employment as a result of being required to work in an environment that carried out its practices in what he reasonably believed was a discriminatory manner and in fact in directing that he participate in the same. Plaintiff was denied the privilege of an employment in law enforcement that did not involve directives of discriminatory mistreatment which environment was discriminatory to him as an African-American.

66.     In the alternative and in addition, Plaintiff was treated differently than one or more similarly situated non-African-Americans when Plaintiff, as an African-American, was exposed to an environment containing or directing discriminatory mistreatment of other African-Americans in the manner in which it occurred. In the alternative and in addition, this environment affected Plaintiff discriminatorily as an African-American in a manner differently than it affected other non-

African-Americans. In the alternative and in addition, the environment was discriminatory to Plaintiff as an African-American in a different way, or in a way that it was not, to one or more similarly situated non-African-Americans. Plaintiff reserves the right to use comparators including, but potentially not limited to, those non-African-Americans working at the City of Macon.

67.    In the alternative and in addition, Plaintiff was required to work in an environment where concerns of discrimination were not adequately investigated, addressed, or corrected. He was denied the privilege of employment of seeing his concerns of discrimination adequately investigated or addressed, which he should have been able to reasonably expect. Defendants failed to adequately investigate, or address Plaintiff's complaints of the discriminatory environment which ultimately resulted in adverse employment action as well. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

68.    In the alternative and in addition regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless.

69.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

70.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard to and/or deliberate indifference for the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful. Defendants acted unreasonably.

COUNT III:
## CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981 THROUGH 1983) FOR RETALIATION
## PRIOR TO TERMINATION FROM CHIEF OF POLICE JOB

71.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under Federal Law. This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

72.     Plaintiff was treated adversely with regard to the terms and conditions of Employment when he was retaliated against by Defendants due to complaining about conduct reasonably believed to be discriminatory (opposing it) among other descriptions of the conduct which he reserves the right to set forth and which he complained about. (That is, Plaintiff maintains he also complained about other conduct reasonably believed to be criminally illegal and reserves the right to bring state law claims arising out of those Complaints as well). He was retaliated against following the time he complained and when considering the events prior to termination. Defendants retaliated against Plaintiff prior to his termination by Defendants' open intentional failure to adequately investigate, or address his complaints referred to above, and by its failure to allow him to see his concerns investigated prior to his termination, and/or otherwise as a result of his complaints.

73.     In the alternative and in addition, Defendants retaliated against Plaintiff prior to termination by failing to afford him adequate opportunity to assure his alleged concerns were adequately investigated or addressed. This denial of opportunity constituted adverse employment action in addition to other adverse employment actions. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

74.    In the alternative and in addition, Plaintiff was retaliated against by an increasingly hostile work environment as a result of his complaints as more fully described above and in discovery.

75.    In the alternative and in addition, Plaintiff was retaliated against following his complaints, and Plaintiff suffered adverse employment actions and losses as a direct and proximate result of Defendants' response to the same.  Plaintiff was retaliated against before he was discharged.

76.    Defendants are alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.*, as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore.   Plaintiff had a right to be free from the effects of retaliatory practices in his employment relationship.

77.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted to retaliate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law. Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.   Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.  Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless.

78.    Plaintiff makes separate claims for each act of retaliation perpetuated upon him following each separate time complaining (opposing).  Plaintiff makes separate claims under all laws

18

applicable to his allegations for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.    Plaintiff therefore makes claims for the retaliation occurring prior to his discharge.

79.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

80.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.    Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful. Defendants acted unreasonably.

**COUNT IV:**
**CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981**
**THROUGH 1983) FOR RETALIATION**
**RESULTING IN TERMINATION FROM CHIEF OF POLICE JOB**

81.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.    The claims alleged in this Count are alleged in the alternative, and in addition, to each other.    They are alleged in the alternative, and in addition, to the claims in the other Counts as well.    This is to allege claims under Federal Law.    This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

82.    Plaintiff was treated adversely with regard to the terms and conditions of Employment when he was retaliated against by Defendants due to complaining about conduct reasonably believed to be discriminatory (opposing it) among other descriptions of the conduct he complained of which he reserves the right to set forth. (That is, Plaintiff maintains he also complained about other conduct reasonably believed to be criminally illegal and reserves the right to bring state law claims arising out of those Complaints as well).    He was retaliated against following

19

the time he complained. Defendants retaliated against Plaintiff when considering his discharge from the Chief of Police job.

83.     Plaintiff suffered adverse employment actions and losses as a direct and proximate result of Defendants' response to Plaintiff's complaints. Plaintiff was separately retaliated against both before he was discharged and when he was ultimately discharged for complaining about the conduct reasonably believed to be discriminatory and other conduct. In the alternative and in addition, he was not allowed to work as Chief of Police under circumstances rendering Defendants liable.

84.     Defendants are alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.,* as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore. Plaintiff had a right to be free from the effects of retaliatory practices in his employment relationship.

85.     In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted to retaliate under color of law. Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s). In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations. Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law. <u>Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless.</u>

86.     Plaintiff makes separate claims for each act of retaliation perpetuated upon him as described above in this Complaint, following each separate time complaining (opposing).   Plaintiff therefore makes claims for the retaliation occurring prior to his discharge and for retaliation in the form of discharge. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

87.     As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

88.     In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.   Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful. Defendants acted unreasonably.

**COUNT V:**
**CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981 THROUGH 1983, AND SEPARATELY THE FOURTEENTH AMENDMENT THROUGH § 1983) FOR HOSTILE WORK ENVIRONMENT DURING CHIEF OF POLICE JOB PRIOR TO TERMINATION FROM CHIEF OF POLICE JOB**

89.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.   The claims alleged in this Count are alleged in the alternative, and in addition, to each other.   They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under Federal Law.   This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

90.     Defendants are alleged to have violated section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* as amended, including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other

provisions which would address the actionable conduct or provide remedies therefore.   Plaintiff had a right to be free from the effects of a racially hostile work environment in his employment relationship (as well as any other hostile work environment due to complaints of illegal conduct).

91.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted under color of law.   Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).   In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.   Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.  Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless.

92.    Defendant subjected Plaintiff to a hostile work environment, severe or pervasive racial harassment, for which Defendant is legally responsible.   Defendant's harassment was also based on Plaintiff's complaints of all illegal conduct he complained about and Plaintiff reserves the right to separate claims arising out of that conduct as well, regardless of the claims for a racially hostile work environment which are alleged in the alternative and in addition.

93.    Plaintiff was treated adversely as a result of racially based harassment, prior to the time of Plaintiff's discharge from Chief of Police position.

94.    Defendant is vicariously liable for hostile work environment created by one or more supervisors or employees prior to Plaintiff's constructive discharge. In the alternative and in addition Defendant is liable for harassment which Defendant failed to adequately promptly address and correct, even though Defendant knew of or should have known of it prior to Plaintiff's discharge.

95.    Plaintiff makes separate claims for each act of racial harassment perpetuated upon him. Plaintiff makes separate claims under the above laws for each act of racial harassment referred to in this Complaint, and which may be illustrated in discovery. <u>Although Plaintiff claims he meets the requirements of claims for hostile work environment (as well as discrimination and retaliation) resulting in discharge as stated in the other Counts, Plaintiff maintains claims for hostile work environment and racial harassment during the employment as Chief of Police regardless.</u>

96.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

97.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT VI:
### CLAIMS UNDER TITLE VII (AND SEPARATELY UNDER 42 U.S.C. § 1981 THROUGH 1983, AND SEPARATELY THE FOURTEENTH AMENDMENT THROUGH § 1983) FOR HOSTILE WORK ENVIRONMENT <u>RESULTING IN TERMINATION FROM CHIEF OF POLICE JOB</u>

98.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under Federal Law. This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

99.    Defendants are alleged to have violated section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*, as amended including but not limited to the Civil Rights Act

of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore. Plaintiff had a right to be free from the effects of a racially hostile work enviornment in his employment relationship.

100.    In the alternative and in addition, Defendants are alleged to have violated 42 U.S.C. § 1981 made actionable through 42 U.S.C. § 1983 when they acted to retaliate in the employment relationship with Plaintiff as stated in this Count and in this Complaint under color of law. Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations. Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law. Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, which Plaintiff claims are met regardless.

101.    Defendant subjected Plaintiff to a hostile work environment, severe or pervasive racial harassment, for which Defendant is legally responsible. Defendant's harassment was also based on Plaintiff's complaints of all illegal conduct he complained about and Plaintiff reserves the right to separate claims arising out of that conduct as well, regardless of the claims for a racially hostile work environment which are alleged in the alternative and in addition.

102.    Plaintiff was treated adversely as a result of racially based harassment, resulting in Plaintiff's discharge from Chief of Police job.

103.    Plaintiff maintains that the environment was so intolerable that a reasonable person would have felt compelled not to return as Patrol Officer when considering all facts of what

occurred ultimately even resulting in his termination from the Chief of Police Job. While he maintains that he should not be held to the standard of proving constructive discharge in part because he was terminated from Chief of Police among other factors, he argues in the alternative and in addition that he could not have reasonably been expected to return to the hostile work environment as Patrol Officer so did not.

104. Defendant is vicariously liable for hostile work environment created by one or more supervisors or employees resulting in discharge from the Chief of Police Job. In the alternative and in addition Defendant is liable. In the alternative and in addition, Defendant is liable for hostile work environment which it failed to adequately and promptly address and correct.

105. Plaintiff makes separate claims for each act of racial harassment perpetuated upon him. Plaintiff makes separate claims under the above laws for each act of racial harassment referred to in this Complaint, and which may be illustrated in discovery. Although Plaintiff claims he meets the requirements of claims for hostile work environment (as well as discrimination and retaliation) prior to discharge in the prior Count, Plaintiff maintains claims for hostile work environment and racial harassment resulting in discharge regardless.

106. As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

107. In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT VII:
## CLAIMS UNDER THE FIRST AMENDMENT THROUGH 42 U.S.C. § 1983
## FOR RETALIATION PRIOR TO TERMINATION
## FROM THE CHIEF OF POLICE JOB

108.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under Federal Law.  This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

109.     Plaintiff exercised his First Amendment rights when he complained about the conduct he reasonably believed to be racially discriminatory involving directives regarding treatment of one or more African-American members of the community.

110.     In the alternative and in addition, regardless of whether Defendant claims or agrees the directives or alleged directives were racially discriminatory, or that Plaintiff complained about matters involving racial discrimination, Plaintiff otherwise exercises First Amendment rights in complaining about the directives he was given.

111.     In the alternative and in addition, Plaintiff separately complained about criminally illegal conduct he witnessed to Defendant via various persons and entities, and also to the Attorney General's office.

112.     The matters Plaintiff complained about involved speech involving one or more matters of public concern.  They involved the misuse of municipal resources, and/or discriminatory terms and conditions of employment potentially affecting a community at large and/or related to important matters of community policing.  Plaintiff suffered adverse employment action as a result of his speech during his time as Chief of Police including harassment and other adverse employment action as more fully described above.  Plaintiff's speech motivated the Defendant's conduct.

113.    Plaintiff makes separate claims for each act of exercising his First Amendment rights, and for each act of adverse action against him in retaliation.

114.    In the alternative and in addition, Defendants are alleged to have violated the First Amendment made actionable through 42 U.S.C. § 1983 when they acted to retaliate as stated in this Count and in this Complaint under color of law.    Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.    Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.    Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, in the other Counts which Plaintiff claims are met regardless.

115.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

116.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.    Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT VIII:
## CLAIMS UNDER THE FIRST AMENDMENT THROUGH 42 U.S.C. § 1983
## FOR RETALIATION RESULTING IN TERMINATION FROM
## THE CHIEF OF POLICE JOB

117.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under Federal Law.  This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

118.     Plaintiff exercised his First Amendment rights when he complained about the conduct he reasonably believed to be racially discriminatory involving directives and other discriminatory conditions regarding treatment of one or more African-American members of the community.

119.     In the alternative and in addition, regardless of whether Defendant claims or agrees the directives or alleged directives were racially discriminatory, or that Plaintiff complained about matters involving racial discrimination, Plaintiff otherwise exercises First Amendment rights in complaining about the directives he was given.

120.     In the alternative and in addition, Plaintiff separately complained about criminally illegal conduct he witnessed to the Defendant via various persons and entities, and also to the Attorney General's office.

121.     The matters Plaintiff complained about involved speech involving one or more matters of public concern.  They involved the misuse of municipal resources, and/or discriminatory terms and conditions of employment potentially affecting a community at large and/or related to important matters of community policing.  <u>Plaintiff suffered adverse employment action as a result of his speech in the form of termination from the Chief of Police Job as more fully described above.</u> <u>Plaintiff's speech motivated the Defendant's conduct.</u>

28

122.    Plaintiff makes separate claims for each act of exercising his First Amendment rights, and for each act of adverse action against him in retaliation.

123.    In the alternative and in addition, Defendants are alleged to have violated the First Amendment made actionable through 42 U.S.C. § 1983 when they acted to retaliate as stated in this Count and in this Complaint under color of law.   Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).   In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.   Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.   Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, in the other Counts which Plaintiff claims are met regardless.

124.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

125.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.   Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

## COUNT IX:
## CLAIMS UNDER THE FIRST AMENDMENT THROUGH 42 U.S.C. § 1983
## FOR RETALIATION AFTER TERMINATION FROM CHIEF OF POLICE JOB

126.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under Federal Law.  This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

127.    Plaintiff exercised his First Amendment rights when he complained about the conduct he reasonably believed to be racially discriminatory involving directives regarding treatment of one or more African-American members of the community.

128.    In the alternative and in addition, regardless of whether Defendant claims or agrees the directives or alleged directives were racially discriminatory, or that Plaintiff complained about matters involving racial discrimination, Plaintiff otherwise exercises First Amendment rights in complaining about the directives he was given and other discriminatory conditions.

129.    In the alternative and in addition, Plaintiff separately complained about criminally illegal conduct he witnessed to the Defendant via various persons and entities, and also to the Attorney General's office.

130.    The matters Plaintiff complained about involved speech involving matters of public concern.  They involved the misuse of municipal resources, and/or discriminatory terms and conditions of employment potentially affecting a community at large and/or related to important matters of community policing.  Plaintiff suffered adverse employment action as a result of his speech in the form of harassment and other adverse employment which included but was not limited to offering him a job in blatant disregard for his record and experience only as a Patrol

30

Officer. <u>Plaintiff maintains that he could not accept that job when considering the hostile work environment and Defendant's otherwise actionable conduct.</u>

131.    Plaintiff makes separate claims for each act of exercising his First Amendment rights, and for each act of adverse action against him in retaliation.

132.    In the alternative and in addition, Defendants are alleged to have violated the First Amendment made actionable through 42 U.S.C. § 1983 when they acted to retaliate as stated in this Count and in this Complaint under color of law.    Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.    Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.    Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove Title VII violations, in the other Counts which Plaintiff claims are met regardless.

133.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

134.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.    Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

135.    Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT X:
## RETALIATORY HARASSMENT PRIOR TO DISCHARGE
## UNDER MISSISSIPPI STATE LAW

136.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under the Mississippi Tort Claims Act and/or otherwise arising under State Law. This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

137.    As a result of Plaintiff's reports of and/or complaints of and/or failure to participate in what he reasonably believed to be criminally illegal conduct, Defendants engaged in an ongoing harassment against Plaintiff which they knew of and/or should have known was causing and/or likely to cause significant emotional distress and other damages to Plaintiff prior to him last receiving work or pay.

138.     In the alternative and in addition, regardless of any ultimate determination as to why Defendants engaged in the conduct, or whether they did so as a result of Plaintiff's reports of and/or complaints of and/or refusal to participate in what he reasonably believed to be illegal conduct, Defendants harassed Plaintiff regardless.  Defendants owed and breached duties not to engage in conduct that was harassing.

139.     In the alternative and in addition, Defendants owed and breached duties to adhere to statutory law whose purpose is reasonably believed to be to guard against or prevent the kind of harm such as the kind which occurred such that Defendants were negligent per se (though liable

regardless according to this Count as well). Those statutes potentially include but are not limited to Miss. Code Ann. Miss. Code Ann. § 97-29-45.

140.     In the alternative and in addition, the unlawful actions of the Defendants were in willful, and/or in reckless disregard for the legal rights of Plaintiff.

141.     As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

## COUNT XI:
## *MC ARN* RETALIATORY DISCHARGE
## AGAINST DEFENDANT THE CITY OF MACON
## UNDER MISSISSIPPI STATE LAW

142.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under the Mississippi Tort Claims Act and/or otherwise arising under State Law.

143.     This Count is to allege liability on the part of the City of Macon.

144.     This claim is brought pursuant to Mississippi State law pursuant to the line of cases of *McArn v. Allied Bruce-Terminix, Inc.* 602 So. 2d 603 (Miss. 1993).  This claim is brought for retaliatory discharge for which Defendant the City of Macon responsible.

145.     Plaintiff reported, and/or complained about and/or refused to participate in conduct she reasonably believed to be criminally illegal.  While Plaintiff reserves the right to further delineate the criminal violations in discovery, this is to set forth certain basic claims while reserving the right to provide additional or alternative information in discovery.

146.    While Plaintiff reserves the right to supplement or amend any statement of law that Plaintiff alleges he witnessed violations of, he reasonably believes Alderman Dixon engaged in embezzlement actionable under Miss. Code Ann. § 97-23-19 as he wrongfully and/or fraudulently appropriated assets available to or in the possession of the City and/or others working for it to his own use or for his own benefit. Plaintiff reserves the right to set forth other alleged statutes or laws that may describe the legal violations he witnessed as discovery is ongoing.  This is to provide notice of his claims under state civil law according to procedural law applicable to this Complaint while reserving the right to provide further information as to the basis of his concerns he reported.

147.    Plaintiff makes claims, in the alternative and in addition, based upon each separate act of conduct he reasonably believes was illegal and each act of reporting and/or complaining and/or refusing to participate.

148.    In the alternative and in addition, Plaintiff reserves the right to rely upon his reports of and/or complaints of (and/or refusal to participate in) any conduct reasonably believed to be illegal regardless of whether specifically mentioned above.

149.    As a result of Plaintiff reporting, and/or complaining about the conduct, and/or refusing to participate in conduct reasonably believed to be illegal, Defendant terminated Plaintiff and took other adverse actions against him. He suffered other losses as more fully described in this Complaint.   Plaintiff was discharged in retaliation for report(s) of, and/or complaints of, and/or refusal to participate in such conduct and is liable regardless of the employment at-will doctrine.

150.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

**COUNT XII:**
**NEGLIGENCE AND/OR GROSS NEGLIGENCE CLAIMS**
**AGAINST DEFENDANT THE CITY OF MACON**
**UNDER MISSISSIPPI STATE LAW**

151.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. This is to allege claims under the Mississippi Tort Claims Act and/or otherwise arising under State Law.

152.    Defendant The City of Macon owed duties to Plaintiff imposed by law, custom, and/or practice of The City of Macon. That is, The City of Macon had a procedure for deciding to terminate employees and it owed Plaintiff duties to assure that it exercised reasonable care in the process of deciding to terminate Plaintiff and in terminating him. Defendant owed other duties as well prior to the time Plaintiff was terminated as referred to below.

153.    Defendant owed the above and other duties imposing potential liability, including, but not limited to ministerial duties to carry out is practices according to other law. Defendant was negligent and/or grossly negligent.

154.    In the alternative and in addition, Defendant owed duties to adhere to statutory law including but not limited to those laws referred to in other parts of this Complaint which themselves defined standards Defendants were required to adhere to. Defendants owed duties of reasonable care to be aware of potential criminal violations, other legal violations referred to in this Complaint regardless of whether they may be considered criminal occurring in relation to Plaintiff and others, a duty to adequately investigate them, and to take appropriate action. Defendant owed duties of reasonable care in training and supervising so as to assure that employees such as Plaintiff were not subject to one or more legal violations, or subject to an environment containing illegal conduct (which Defendant was specifically directed by law not to engage in). Defendant owed duties not to

35

retain one or more persons substantially responsible for legal violations once it knew of and/or should have known they were responsible.

155.    Defendant owed duties of reasonable care otherwise implicit in the section of facts above whether or not specifically stated.

156.    Defendant breached all duties referred to here.

157.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

**COUNT XIII:**
**TORTIOUS INTERFERANCE WITH AT-WILL EMPLOYMENT**
**AGAINST DEFENDANT BUZZ MCGUIRE**
**IN HIS OFFICIAL AND/OR IN THE ALTERNATIVE**
**IN HIS INDIVIDUAL CAPACITY**
**UNDER MISSISSIPPI STATE LAW**

158.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under the Mississippi Tort Claims Act and/or otherwise arising under State Law.   This is to allege liability on the part of Defendant McGuire acting in his official capacity and liability on the part of Defendant the City of Macon as well.  In the alternative and in addition, Defendant McGuire is liable in his individual capacity regardless.

159.    The claims in this Count are alleged regardless of whether or not Plaintiff's employment was determined to be "at-will."   (The Courts have recognized that a tortious interference with an at-will employment relationship by an individual Defendant affecting an employment decision in the employment context). *See, Vaughan v. Carlock Nissan of Tupelo,*

*Incorporated, and Corbett Hill*, 553 Fed. Appx 438; 2014 U.S. App. LEXIS 2131, Filed February 4, 2014 (5th Cir. 2014)).

160.    Defendant McGuire operated within a position of responsibility on behalf of the City of Macon. He acted in bad faith and/or in the alternative and in addition without right and/or in the alternative and in addition without justifiable cause and/or without good cause when they engaged in actionable conduct under circumstances all Defendants knew of and should have known and are therefore also responsible for.

161.    Defendant McGuire's actions were intentional and willful, calculated to cause Plaintiff's damages, and done with what was reasonably believed to be the unlawful purpose of causing damages and losses such that actual damages directly and foreseeably resulted.

162.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

**COUNT XIV:**
**CIVIL CONSPIRACY AGAINST ALL DEFENDANTS**
**IN OFFICIAL AND/OR IN THE ALTERNATIVE**
**INDIVIDUAL CAPACITIES**
**UNDER MISSISSIPPI STATE LAW**

163.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  This is to allege claims under the Mississippi Tort Claims Act and/or otherwise arising under State Law. This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity and/or individual capacity in so far as it may be argued that he acted in his individual capacity – he was nevertheless part of the conspiracy.

164.    Defendants and potentially others worked together to accomplish one or more of what were reasonably believed to be unlawful purposes and/or lawful purposes unlawfully.  All Defendants acted in agreement by all reasonable indications when considering the manner in which they worked together under circumstances wherein they knew of and/or should have known that Plaintiff would be subject to the legal violations referred to in the above Counts, and/or otherwise subject to losses.  Defendants were mandated by law not to engage in the legal violations referred to in this Complaint.

165.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

**COUNT XV:**
**CLAIMS OF DUE PROCESS VIOLATIONS**
**UNDER THE FOURTEENTH AMENDMENT**
**OF THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

166.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.   This is to allege claims under Federal Law.  This Count is brought against Defendant the City of Macon and Defendant McGuire in his official capacity.

167.    Plaintiff was entitled to due process under the Fourteenth Amendment of the United States Constitution

168.    Defendants acted pursuant to an official policy constituting a policy statement and/or ordinance and/or regulations and/or decision(s).    In the alternative and in addition, Defendants acted pursuant to a common, well settled, persistent, or widespread custom(s) or practice(s) so as to represent policy, and which were the moving force behind the violations.

Defendants acted by and through one or more policymakers with actual or constructive knowledge, and violated Plaintiffs rights under Federal Law.  Plaintiff alleges the requirements of 42 U.S.C. § 1983 causes of action are met, in the alternative to and in addition to meeting the requirements to prove violations in the other Counts which Plaintiff claims are met regardless.

169.    Regardless of whether Defendant agrees it assumed obligations of a civil service employer pursuant to Miss. Code Ann. § 21-31-23, Defendant otherwise had policies, procedures, and legal requirements in place applicable to its treatment of employees including but not limited to Plaintiff.

170.    The policies and procedures referred to above provided rights including but not limited to the right to have a termination determined according to other law and have adequate practices in place so as to assure the same and to assure Plaintiff's due process rights where protected and adhered to.

171.    Plaintiff therefore had an adequate property interest and/or otherwise adequate interest when considering what he should have reasonably been entitled to expect according to the legal requirements and applicable to the policies, procedures, and practices Defendant had in place.

172.    Defendants violated Plaintiff's due process rights as otherwise implicit in the facts referred to above and as otherwise may be set forth in discovery.

173.    In the alternative and in addition, the unlawful actions of the Defendants were in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff.  Plaintiff reserves the right to argue Defendants actions were wanton, and/or willful. Defendants acted unreasonably.

174.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff

suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

DAMAGES INCLUDING BUT NOT LIMITED TO
PUNITIVE DAMAGES FOR ALL COUNTS

175.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.    Plaintiff suffered losses and damages as set forth below and incorporated herein. Plaintiff preserves a claim for punitive damages for conduct which was willful and/or wanton and/or deliberately indifferent and/or in reckless disregard for his civil rights as well as in reckless disregard for the above law (as she alleges the conduct was).    Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims.    In the alternative and in addition, Defendants' actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.    Defendant acted negligently and grossly negligently.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count.    Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against each Defendant separately, individually and together.    The Defendants are liable for the damages assessed in compensation for their conduct by and through others in their official capacities and otherwise owed by it directly and regardless of whether particular others are named.

1.    Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct, as well as all other fair

40

compensation for the acts and omissions referred to;

2.      Damages against Defendants in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical or mental health treatment which might occur in the future if OR which Plaintiff might be recommended to have, or which he might have been recommended.  Plaintiff otherwise prays for any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past present or future, or for the past, present and future.  Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim for which he may be provided a jury trial, and otherwise prays for a just determination. Plaintiff prays for all other compensatory damages, and other damages he may legally recover under State or Federal Law.  Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and <u>any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint</u>; and

3.      Plaintiff prays for punitive damages in the maximum amount allowed by law under each claim for which he is entitled to recover the same.

41

4.       Plaintiff reserves the right to request reinstatement.  Plaintiff reserves the right to request it to the extent Plaintiff so determines, and on the condition that Defendant provides assurances that the actionable conduct is no longer occurring, nor will it occur and/or that those responsible are no longer able to affect his work environment as they have.

5.       Plaintiff prays for such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint**

**as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED, this the _24_ th day of _April_ , 2019.

FOR THE PLAINTIFF,
LUCIOUS MASON

BY:       _____
          MICHAEL R. BROWN, ESQ.

MICHAEL R. BROWN, ESQ., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com